IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NICHOLAS SAUCEDO,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY;<br><br>Defendant. | CIV. NO. 22-00507 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR 406(b) FEES |

**FINDINGS AND RECOMMENDATION TO
GRANT PETITION FOR 406(b) FEES**

Attorney Danielle Rose Beaver ("Counsel") filed a *Petition for 406(b) Fees* ("Fee Motion") on January 30, 2026, for her representation of Plaintiff Nicolas Saucedo ("Plaintiff") pursuant to the Social Security Act, 42 U.S.C. § 406(b).  ECF No. 19.  Counsel requests fees in the amount of $21,908.25 for legal work she performed in this case.  *Id*. at PageID.463.  Counsel represents that this amount is equivalent to twenty-five (25) percent of Plaintiff's past-due Social Security Disability Insurance ("SSDI") benefits.  *Id*. at 463.  The Court must determine whether the attorney's fees requested ($21,908.25) is reasonable compensation for this case.

The Court shall decide the *Fee Motion* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*.  After careful review of the *Fee Motion*, records in this case and applicable law, the Court **FINDS** that Plaintiff is entitled to reasonable attorney fees in the amount of $21,908.25 and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*.

## BACKGROUND

Plaintiff alleges disability beginning November 16, 2019.  ECF No. 8-3 at PageID.41.  Plaintiff applied for disability benefits under Title II of the Social Security Act on March 12, 2020.  ECF No. 19 at PageID.464.  Plaintiff's application was denied on July 9, 2020, and denied again on reconsideration on October 23, 2020.  *Id*.; ECF No. 8-3 at PageID.41.  Plaintiff then requested an administrative hearing, which was held on October 28, 2021.  ECF No. 8-3 at PageID.41.  Counsel represented Plaintiff at the hearing.  The Administrative Law Judge ("ALJ") presiding over the hearing issued an "unfavorable" decision on November 9, 2021.  ECF No. 19 at PageID.464.

Plaintiff appealed the ALJ's decision to the Appeals Counsel.  *Id*.  However, on October 14, 2022, the Appeals Counsel denied Plaintiff's *Request for Review*. *Id*.  This denial became the final decision of defendant Commissioner of Social Security ("Defendant").  *Id*.  On December 6, 2022, Plaintiff commenced this case

by filing his *Complaint for Review of Social Security Disability Benefits Determinations* ("Complaint").  ECF No. 1.  Counsel assisted Plaintiff with initiating this civil action under 42 U.S.C. § 405(g).  ECF No. 19 at PageID.465.  On August 22, 2023, the parties entered into a *Stipulation for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment*.  ECF No. 14.  Based upon this stipulation, judgment was entered in favor of Plaintiff and this case was remanded for a new decision.  ECF No. 16.  On June 9, 2025, a second administrative hearing was held, and Plaintiff received a favorable decision, which granted his application for benefits in full.   ECF No. 19.

On February 11, 2025, Plaintiff and Counsel entered into a contingency fee agreement.  ECF No. 19-2.  Plaintiff agreed to pay Counsel "twenty-five percent (25%) of all back benefits awarded in [Plaintiff's] case."  *Id*. at PageID.482.

On December 15, 2025, Counsel received a *Notice of Award*, which notified Plaintiff that he was entitled to 75 % of his past-due benefits or retroactive benefits in the amount of $66,538.25.  ECF No. 19 at PageID.465.  The *Notice of Award* states that "25 percent of past due benefits [were withheld] in order to pay the approved [attorney's] fee."  ECF No. 19-1 at PageID.477.  The *Notice of Award* states that the amount withheld is $21,908.25.

On January 30, 2026, Plaintiff filed the *Fee Motion* presently before the

Court.  ECF No. 19.  On that same day, Defendant filed a *Response to the Fee

Motion* ("Response").  ECF No. 20.

## **DISCUSSION**

In his *Response*, the Defendant states that he has no direct financial stake in

the fee request and thus, neither supports nor opposes *Fee Motion*.  ECF No. 20.

However, "[Section] 406(b) calls for court review of such [contingency-fee]

arrangements as an independent check, to assure that they yield reasonable results

in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  "Within the

25 percent boundary . . . the attorney for the successful claimant must show that

the fee sought is reasonable for the services rendered."  *Id*.  Under Section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court
> may determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due
> benefits to which the claimant is entitled by reason of such judgment, and
> the Commissioner of Social Security may, notwithstanding the provisions of
> section 405(i) of this title, but subject to subsection (d) of this section, certify
> the amount of such fee for payment to such attorney out of, and not in
> addition to, the amount of such past-due benefits.  In case of any such
> judgment, no other fee may be payable or certified for payment for such
> representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  "Because the [Social Security Administration ("SSA")]

has no direct interest in how much of the award goes to counsel and how much to

the disabled person, the district court has the affirmative duty to assure that the

reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). The Court must thus evaluate the reasonableness of the $21,908.25 attorney fees requested by Counsel.

## I.     Contingency-Fee Agreement

When evaluating a fee request under 42 U.S.C. § 406(b), the Court first examines the contingency fee agreement entered into between Plaintiff and Counsel. A copy of the *Attorney Fee Agreement* is attached to the *Fee Motion*. ECF No. 19-2. The parties entered into the agreement on February 11, 2025. *Id.* The agreement states:

> If the first ALJ decision after the date of this agreement is not fully favorable and my attorney agrees to represent me on appeal, and I win my case later, I agree that the fee for any appellate work in federal court will be twenty-five percent (25%) of all back benefits awarded in my case. This will be in addition to any fee charged and received for representation in front of the Social Security Administration, which will be up to twenty-five percent (25%) of all back benefits awarded in my case.

*Id.* There is also a document titled "Plaintiff Declaration" attached the *Fee Motion* that purports to be Plaintiff's statement agreeing to the contingency fee and requested attorney's fees. ECF No. 19-4. However, the *Plaintiff's Declaration* filed on the docket is not signed. *Id.* at PageID.490. The Court thus disregards the unsigned *Plaintiff Declaration*.

Nevertheless, the Court has reviewed the signed and valid *Attorney Fee Agreement*. Upon reviewing the docket, record in this case, and *Fee Motion*, it is

clear that Plaintiff received a favorable decision after Counsel was able to (1)

negotiate a *Stipulation for Voluntary Remand Pursuant to Sentence Four of 42*

*U.S.C. § 405(g) and to Entry of Judgment* (ECF No. 14), and (2) receive a

favorable decision for Plaintiff as a result of a second administrative hearing.

Accordingly, the Court finds that the fees being requested in the *Fee Motion* are

squarely pursuant to the *Attorney Fee Agreement*.

## II.   Reasonableness of the Fee Request

The Court is required to evaluate the reasonableness of 42 U.S.C. § 406(b)

fee requests using several factors:

> Factors to be considered in determining reasonableness include the
> attorney's risk of loss, the character and result of representation, whether
> delays are attributable to the attorney, and the attorney's hours spent
> representing the client coupled with the attorney's normal hourly billing rate
> in the context of non-contingent cases.

*Dulatre v. Astrue*, Civ. No. 03-00653 DAE-KSC, 2010 WL 26537, at *2 (D. Haw.

Jan. 6, 2010) (citing *Gisbrecht*, 535 U.S. at 805 & 808).  The Court shall evaluate

each factor below.

### A.   Risk of Loss

Attorneys entering into contingency fee agreements in social security cases

where a plaintiff is seeking disability benefits face a great risk of not collecting

fees despite the hours of work they perform on the case.  The reason for this risk is

the possibility that the litigation may not be successful.  There is no guarantee that

6

the result of the litigation will be successful, and under a contingency fee agreement, the attorney does not collect any fees unless the litigant is awarded past-due benefits. This factor indicates that the fees requested in this case are reasonable.

### B.      Character of the Representation and the Results Achieved

The Court evaluates the "character of the representation and the results the representative achieved" under this factor. *Gisbrecht*, 535 U.S. at 808 (citations omitted). Because *Plaintiff's Declaration* is unsigned and thus has been disregarded, the Court does not have the advantage of having Plaintiff's feedback of the services provided by Counsel. However, the Court is able to determine that Counsel has made considerable effort to litigate this case for the benefit of Plaintiff based on the results achieved. According to the *Notice of Award*, as a result of Counsel's efforts, Plaintiff has been awarded past-due monthly disability benefits beginning May 2020 in the amount of $66,538.25. ECF No. 19-1 at PageID.476-77. In addition, Plaintiff will receive monthly payments of $3,226.00. *Id*. at 477. Accordingly, the Court finds no reason to reduce the fees requested based on the character of Counsel's representation.

### C.      No Delays Attributable to Counsel

In considering this factor, the Court may reduce fees if it finds that an attorney is responsible for unnecessary delays that results in the accumulation of

benefits during the pendency of the case. *Gisbrecht*, 535 U.S. at 808. The Court may also reduce fees if the "benefits are large in comparison to the amount of time counsel spent on a case[.]" *Id*. (citations omitted). After careful review of the record in this case and the timekeeping submitted by Counsel (ECF No. 19-5 at PageID.491-92), the Court finds that there is no evidence of Counsel causing any sort of delay where Counsel would have benefited from the accumulation of benefits during the pendency of this case. *See Gisbrecht*, 535 U.S. at 808. The Court thus does not find any reason to reduce the requested fees under this factor.

### D.   Hours Expended and Hourly Rate

When evaluating the reasonableness of the attorney's fees requested in a contingency fee arrangement under 42 U.S.C. § 406(b), the Court does not use the lodestar method. Under 406(b), "fee shift[ing] to the losing party . . . [is] not at issue[.]" *Gisbrecht*, 535 U.S. at 802. In *Gisbrecht*, the Supreme Court distinguished fees under § 406(b) versus the lodestar method. *Gisbrecht*, 535 U.S. at 801. "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery" and "does not authorize the prevailing party to recover fees from the losing party." *Id*. Thus, *Gisbrecht* provides that:

> [T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (citation omitted).  The Court has carefully reviewed the timekeeping submitted by Counsel and finds that the description of each task performed by counsel is reasonable.

Counsel performed a total of 26 hours of work on this case (ECF No. 19-5 at PageID.492) and is requesting attorneys' fees in the amount of $21,908.25.  ECF No. 19 at PageID.463.  Counsel's fee request thus amounts to an hourly rate of $842.63 ($21,908.25 ÷ 26 = $842.63).  Defendant agrees that Counsel's hourly rate based the fee request amounts to $842.63.  ECF No. 20 at PageID.494.  In her declaration, Counsel states that her "typical non-contingent  . . . hourly rate for Social Security cases is $450/hour."  ECF No. 19-3 at PageID.486.  Although the hourly rate for Counsel's work in this case exceeds Counsel's usual rate, the Court finds that the hourly rate in this case falls within the normal range of hourly rates previously awarded for similar contingency cases.  *See e.g.*, *Kava v. Kijakazi*, Civ. No. 20-00385 JAO-WRP, 2022 WL 15525001, at *3 (D. Haw. Oct. 12, 2022) (effective hourly rate of $737.92 for attorney's fees considered reasonable in the context of § 406(b)); *Tereise v. Kijakazi*, Civ. No. 20-00279 LEK-RT, 2024 WL 1976036, at *3 (D. Haw. Apr. 16, 2024), *report and recommendation adopted*, Civ. No. 20-00279 LEK-RT, 2024 WL 1972107 (D. Haw. May 3, 2024) (effective hourly rate of $715.88 for attorney fees considered reasonable in the context of § 406(b)); *Howser v. Kijakazi*, Civ. No. 20-00232 DKW-KJM, 2023 WL 2992420, at

*2 (D. Haw. Mar. 28, 2023), *report and recommendation adopted*, Civ. No. 20-00232 DKW-KJM, 2023 WL 2991112, at *2 (D. Haw. Apr. 18, 2023) ("Courts in this circuit have regularly awarded fees with hourly rates exceeding $1,000 in similar cases."). After considering the results obtained, the amount of hours expended and Counsel's hourly rate, the Court finds that there is no basis for any reduction in fees. Further, the fees requested do not exceed 25% of the total of Plaintiff's past-due benefits. *See* ECF No. 20 at PageID.495 (Defendant admits that the fees requested do not exceed 25% of Plaintiff's total past-due benefits). The Court thus finds that Counsel's fee request is reasonable.

### E.      EAJA Fees

In the *Attorney Declaration* attached to the *Fee Motion*, Counsel states that she "successfully negotiated for payment under the Equal Access to Justice Act ("EAJA") for [her] work in the amount of $5,809.00." ECF No. 19-3 at PageID.486.

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."  Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186.  "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  In their *Response*, Defendant also noted the EAJA fees awarded to Counsel and requests that "the Court direct that Counsel reimburse Plaintiff any fees she previously received under the [EAJA], 28 U.S.C. § 2412."  ECF No. 20 at PageID.496.  The Court agrees.  In addition, Counsel has also stated in the *Attorney Declaration* that she "will reimburse [Plaintiff] the entire $5,980.00 EAJA award upon receipt of the 406B fees."  ECF No. 19-3 at PageID.486.  Accordingly, Counsel should be directed to reimburse Plaintiff the $5,980.00 in EAJA fees upon her receipt of the fees payable under Section 406(b).

## CONCLUSION

Based upon the foregoing, the Court **FINDS** that attorney's fees in the amount of $21,908.25 are reasonable in this case and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*.

The Court **RECOMMENDS** that the district court award Counsel $21,908.25 to be paid out of the sum previously withheld by the Commissioner.

The Court further **RECOMMENDS** the district court direct Counsel to reimburse Plaintiff $5,980.00 in EAJA fees upon Counsel's receipt of payment for her Section 406(b) fees.

11

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 6, 2026.



_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00507 DKW-RT;  *Nicholas Saucedo vs. Kilolo Kijakazi, Acting Commissioner of Social Security*;  Findings and Recommendation to Grant Petition for 406(b) Fees